UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS LEHMAN, et al.,

    Plaintiffs,

v.                                                   Case No. 17-C-745

DENMARK BANCSHARES INC.,

    Defendant.

**Order Granting Partial Judgment on the Pleadings**

Plaintiffs Dennis and Maureen Lehman and Lords N' Ladies Salon N' Spa filed suit against Denmark Bancshares Inc. ("Denmark Bank") for claims arising from a loan Denmark Bank provided the Lehmans for the salon. Before the court now is Denmark Bank's motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 13. This motion was filed on October 5, 2017. Plaintiffs had until October 26, 2017 to respond. *See* Civil Local Rule 7(b). They did not file a response. Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion. Civil Local Rule 7(d). For the reasons explained below, Defendants' motion is granted and Plaintiffs' fraud and civil theft claims are dismissed.

**BACKGROUND**[1]

Dennis and Maureen Lehman own Lords N' Ladies Salon N' Spa in Manitowoc, Wisconsin. Denmark Bank provided the Lehmans with a number of services over twenty-five years, including

---

[1] All background facts come from Plaintiffs' Amended Complaint. ECF No. 9.

a loan for the salon. In 2008, the Lehmans declared bankruptcy. In 2009, the Lehmans approached Denmark Bank about lowering their interest rates and a possible loan to keep the salon open. In January 2015, the Lehmans began approaching other lending institutions about refinancing their home, business, and salon loans. In April 2015, the Lehmans were informed of credit errors on their credit report, which caused them to have their loans denied. The Lehmans allege that one of these errors was the listing of the salon loan[2] as debt after the loan was "charged off" by Denmark Bank. The Lehmans allege that they contacted Denmark Bank about this mistake (and others), but that the salon loan was never removed from their credit report. The Lehmans also allege that they continued making payments on the salon loan, despite it being "charged off."

On April 21, 2017, the Lehmans brought an action in Manitowoc County state court against Denmark Bank for two violations of the Fair Credit Reporting Act, fraud, and civil theft. ECF No. 1 at 1. Denmark Bank was served on April 28, 2017. *Id*. at 1–2. On May 26, 2017, Denmark Bank removed the case to federal court. *Id*. at 3. On July 10, 2017, the Lehmans filed an amended complaint. ECF No. 9. On July 18, 2017, Denmark Bank filed its answer to the Lehmans' amended complaint. ECF No. 11.

On October 5, 2017, Denmark Bank filed a motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Denmark Bank alleges that the Lehmans had failed to plead their fraud claim with particularity. ECF No. 14 at 5–6. Denmark Bank also alleges that the Lehmans' claims for fraud and civil theft fail as a matter of law because a "charged off" debt is an accounting term, not a legal discharge of debt. *Id*. at 7–8. The Lehmans had twenty-one days

---

[2] The Lehmans allege no specific information about when they took out the salon loan from Denmark Bank. However, based on the facts alleged, it appears the Lehmans took out this loan in 2009, after they declared bankruptcy.

2

to respond to Denmark Bank's motion for judgment on the pleadings. *See* Local Civil Rule 7(b). They did not respond. Even without examining the merits of Defendant's motion, failure to respond in opposition is sufficient cause for the court to grant the motion. *See* Local Civil Rule 7(d).

## LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(c) challenges the sufficiency of the pleadings in the complaint. Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998); *see* Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is analyzed like a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). The court must accept all well-pled allegations as true and draw all reasonable inferences in favor of the plaintiff. Dismissal is appropriate when the plaintiff has not pled a valid claim even assuming the truth of the allegations of the complaint. *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1059 (7th Cir. 1999).

## ANALYSIS

Plaintiffs allege that Denmark Bank "charged off" the salon loan in 2012, but continued to list it on their credit report and allowed them to continue making payments on this debt. Therefore, Plaintiffs allege that Denmark Bank committed fraud by representing to them that the loan required payment. Plaintiffs allege that Denmark Bank committed civil theft by accepting their payments on the loan despite it being "charged off."

Plaintiffs' fraud and civil theft claims fail as a matter of law and must be dismissed.[3] A "charge off" is an accounting term that is means to "treat (an account receivable) as a loss or expense because payment is unlikely; to treat as a bad debt." Black's Law Dictionary (10th ed. 2014). However, "charging off a debt does not diminish the legal right of the original creditor to collect the full amount of the debt." *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1297 (11th Cir. 2016). *See also LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1188 n.5 (11th Cir. 2010); *Caplinger v. Ocwen Loan Servicing, LLC*, No. 8:14-cv-3214-T-35-MAP, 2015 WL 12938920, at *1 (M.D. Flo. Dec. 29, 2015); *Talaie v. Wells Fargo Bank, N.A.*, No. CV 12-04959 DMG, 2013 WL 3316157, at *5 (C.D. Cal. June 27, 2013); *Hanks v. Talbot Classics Nat. Bank*, No. C 12-2612 SI, 2012 WL 3236323, at *1 n.2 (N.D. Cal. Aug. 6, 2012); *Plaza Bank v. Alan Green Family Trust*, No. 2:11-cv-130-RCJ-RJJ, 2011 WL 6102883, at *5 (D. Nev. Dec. 7, 2011). Therefore, Denmark Bank's "charge off" of the Lehmans' salon loan did not legally discharge or forgive their debt. The Lehmans have alleged only that the debt was "charged off"; the Lehmans have not allege any facts that the loan was legally discharged or forgiven. Therefore, even accepting the Lehmans' allegation that the debt was "charged off" as true, there can be no civil theft or fraud by Denmark Bank for their representations that the Lehmans still owed payment on their salon loan or for accepting payments by the Lehmans during this time because the Lehmans still legally owed this debt.

---

[3] Because I find that Plaintiffs' fraud and civil theft claims fail as a matter of law, I will not address Defendant's argument that Plaintiffs failed to plead their fraud claim with sufficient particularity.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's motion for partial judgment on the pleadings (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims for Fraud and Civil Theft (claims three and four of the amended complaint) are **DISMISSED**.

Dated this __6th__ day of November, 2017.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
